## I. W. Levin and Co., Inc. v. Oldsmobile Division of General Motors Corporation

*Gene D. Cohen*, for plaintiff.
*George A. Lavin, Jr.* and *George Phillip Stahl, Jr.*, for defendant.

BRADLEY, *P.J.*, May 1, 1978—Plaintiff's suit in equity alleges the following: In reliance upon advertising of defendant Oldsmobile espousing the

quality of Oldsmobile engines, plaintiff purchased an Oldsmobile from defendant Crisconi. It was later discovered that the purchased automobile contained a Pontiac rather than an Oldsmobile engine, and plaintiff consequently experienced repeated repair problems.

Defendant Oldsmobile has filed several preliminary objections to plaintiff's amended complaint. The first of these asserts that plaintiff's suit is improperly brought in equity since plaintiff has an adequate remedy at law. Pa.R.C.P. 1509(c) states: "The objection of the existence of a full, complete and adequate non-statutory remedy at law shall be raised by preliminary objection. If the objection is sustained, the court shall certify the action to the law side of the court . . ."

In this case, plaintiff initially demands rescission of its contract with Crisconi. Such a remedy would also be available through an action in assumpsit. Additionally, plaintiff seeks compensation from Oldsmobile for injuries caused by its false and fraudulent advertising. Such compensation would be recoverable through an action brought in tort for fraud: Setlock v. Sutila, 444 Pa. 552, 282 A. 2d 380 (1971). This is *not* a case where plaintiff is seeking cancellation of a written instrument due to fraud. Plaintiff here is seeking two separate remedies, one available in assumpsit and the other in tort, against two separate defendants. Accordingly, plaintiff has a full, complete and adequate non-statutory remedy at law, and pursuant to Rule 1509(c), the action is certified to the law side of the court.

Defendant's second objection is pursuant to Pa.R.C.P. 1017(b)(3) in the nature of a motion for a more specific pleading. The court finds that plaintiff has set forth sufficient facts to enable defendant

to prepare his defense: D'Antona v. Hampton Grinding Wheel Co., 225 Pa. Superior Ct. 120, 125, 310 A. 2d 307 (1973). Any additional facts may be obtained by discovery.

Next, defendant contends that since plaintiff has not alleged a contract between plaintiff and Oldsmobile, he has failed to state a claim upon which relief can be granted. As stated above, plaintiff is claiming against Oldsmobile for fraud, not breach of contract; he therefore need not allege any contract with Oldsmobile.

Defendant next argues that plaintiff has not attached writings to his complaint as required by Pa.R.C.P. 1019(h). Defendant agrees that plaintiff has not alleged a contract with Oldsmobile. Consequently, any such contract, if it does exist, need not be attached. Further, the court need not decide whether the advertisements which are the basis of plaintiff's claim of fraud are "writings" within the scope of Rule 1019(h), since, even if they were, defendant Oldsmobile would be a party to said "writings" and would have copies of the same within its possession. In such instances, the reason for Rule 1019(h) is not present, and the requirement of attachment is waived: Leiby v. New Hampshire Ins. Co., 51 D. & C. 2d 643, 645 (1971). Moreover, plaintiff has specified the relevant time period and at least one periodical in which the alleged advertisements appeared. Defendant may through discovery obtain any further details required.

Defendant's final objection is made pursuant to Pa.R.C.P. 1017(b)(5), and alleges that an action brought by the State Attorney General in the Commonwealth Court under the Unfair Trade Practices and Consumer Protection Law of December 17,

1968, P.L. 1224, as amended, 73 Pa.C.S.A. §201-1 et seq., involves the same parties and claims as those in the instant case. Consequently, defendant requests that the instant action be dismissed or at least stayed pending the outcome of the Attorney General's suit. Even assuming the parties are the same, the doctrine of lis pendens will not be applied where the relief requested is not the same: Kessler v. M. J. Greene Co., 39 D. & C. 2d 717, 722 (1966). The Unfair Trade Practices Act does not provide for the money damages which plaintiff is seeking from Oldsmobile for misrepresentation. Accordingly, it is

### ORDERED

This May 1, 1978, that plaintiff's complaint in equity is certified to the law side of the court and that defendant's remaining preliminary objections are dismissed. Defendant is granted 20 days to file a responsive pleading to plaintiff's amended complaint.