Henry J. Cianfrani, Individually and on behalf of the State Employees' Retirement System Beneficiaries, Petitioner *v.* Commonwealth of Pennsylvania, State Employees' Retirement Board, Respondent.

Argued September 13, 1983, before President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, DOYLE and BARRY.

*Charles M. Golden, Daniels, Golden & Saltz, P.C.,* for petitioner.

*Susan J. Forney,* Deputy Attorney General, with her *Elisabeth S. Shuster* and *Allen C. Warshaw,* Deputy Attorneys General, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

Opinion by Judge MacPhail, December 1, 1983:

Henry J. Cianfrani, a former employee of the Commonwealth, has filed a class action in our original jurisdiction seeking from us an order which would direct the State Employees' Retirement Board (Board) to pay interest, counsel fees and costs on retirement benefits adjudged in *Cianfrani v. State Employees' Retirement Board (Cianfrani I)*, 498 Pa. 204, 445 A.2d 737 (1982) to have been illegally withheld by the Board from employees whose retirement rights vested prior to the effective date of the Public Employee Pension Forfeiture Act (Forfeiture Act), Act of July 8, 1978, P.L. 752, 43 P.S. §§1311-1315. The decision in *Cianfrani I* affirmed a per curiam order of this Court granting Cianfrani summary judgment in an original action in mandamus and for a declaratory judgment.

The petition for review now before us does not specifically identify the nature of the proceeding but inasmuch as the request for relief asks, *inter alia*, that we declare the determination of the Board to withhold interest a violation of the rights of Cianfrani and the class he purports to represent, we will treat the petition for review as one seeking a declaratory judgment under the provisions of the Declaratory Judgments Act, 42 Pa. C. S. §§7531-7541.

The Board has filed preliminary objections in the nature of a motion to strike for failure of the petition to conform with the provisions of Pa. R.C.P. No. 1019(h) and a demurrer.

### Motion to Strike

Paragraph 14 of the petition for review states:

Under the terms of the System, Respondent was obligated to calculate and credit interest

to the Retirement and Benefit accounts of members.

The Board claims that Cianfrani's failure to attach a copy of the "terms of the System" referred to in that paragraph requires us to strike the complaint. We disagree.

There is no allegation that "the System" is a writing; therefore, there is no need to comply with Pa. R.C.P. No. 1019(h) which requires a copy of a writing to be attached *if* the pleading specifically sets forth that the claim or defense is based upon a writing. The Board's reliance upon the *Department of Transportation v. Lishon,* 46 Pa. Commonwealth Ct. 90, 405 A.2d 1128 (1979) is misplaced. There the objection under consideration was a motion for a more specific complaint because the complaint failed to aver whether the claim was based upon a writing or was oral or was partly oral and partly written. Here, the specific objection of the Board is that a copy of the writing is not attached. As we have noted, it need not be.

Paragraph 12 of the petition for review states:

On October 19, 1982, Respondent notified Petitioner, Henry Cianfrani's counsel, *in writing,* of its final determination that interest will not be paid on the benefits withheld under Act 140 (a copy of said determination is attached hereto, made a part hereof and marked Exhibit "A"). (Emphasis added.)

In fact, no exhibit is attached to the petition. Cianfrani offers no argument in opposition to the objection, presumably because he has none. Although there is some authority for the proposition that where the missing document is one that the responding party would likely have a copy of in its own files,

an objection based upon the failure to attach a copy thereof would be overruled, *I.W. Levin & Co. v. Oldsmoblie Division of General Motors Corp.*, 8 Pa. D. & C.3d 361 (1978), that rule would not apply here where there was an expressed intention to attach the writing and a failure through neglect to do so. Cianfrani could have easily remedied the omission but for reasons best known to himself failed to do so.

The motion to strike will be sustained for failure to attach the writing.

### Demurrer

There are three items of recovery sought by Cianfrani—interest, costs and counsel fees. The Commonwealth demurs because 1) Cianfrani has failed to comply with the provisions of Section 5522(a)(1) of the Judicial Code, 42 Pa. C. S. §5522(a)(1), 2) the claim for interest is barred by res judicata and 3) counsel fees are not an item of taxable costs under prevailing law.

At the outset, we note that the provisions of Section 5522(a)(1)[1] are limited to trespass actions where the cause of action against the Commonwealth is for injury to person or property.

Cianfrani contends, moreover, that the petition for review *sub judice* was filed within six months of the date his cause of action accrued; therefore, no written statement to comply with 42 Pa. C. S. §5522(a)(1) was required.

---

[1] Section 5522(a)(1) of the Judicial Code requires any person who is about to commence an action against the Commonwealth for damages on account of any injury to his person or property under Chapter 85 or otherwise, to file within six months of the date the cause of action accrued, a written statement with the Attorney General's office setting forth certain enumerated facts. Failure to file that statement within six months bars the filing of an action thereafter. 42 Pa. C. S. §5522(a)(2).

·The Board argues that Cianfrani's cause of action accrued on July 8, 1978, the effective date of the Forfeiture Act. We are hard pressed to understand that argument because it was the Forfeiture Act that the Board contended in *Cianfrani I denied* Cianfrani retirement benefits and was the legislation the Board seized upon to withhold the benefits Cianfrani was then receiving.

The Board also contends here and in its argument on res judicata that Cianfrani's cause of action accrued when he filed his petition for review in *Cianfrani I*. Cianfrani counters that until it was determined that his benefits were being withheld illegally, he had no cause of action for interest.

The Board then claims that since the Supreme Court decided *Cianfrani I* in Cianfrani's favor on May 28, 1982, the cause of action accrued on that date and that six months expired before the petition for review was filed on November 29, 1982. Even if we agreed with the Board that May 28, 1982 is the crucial date, the within action was filed within the six month time limitation since November 27 and November 28 were a Saturday and Sunday respectively. They, accordingly, must be omitted from computing the six month period. Section 1908 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1908.

Furthermore, we agree with Cianfrani that the operative date for a determination of when the cause of action accrued was October 19, 1982 when, according to paragraph 12 of the petition for review, the Board notified Cianfrani that it would not pay interest which accrued on the withheld benefits.

Although we find the claim not barred by Section 5522(a)(1) of the Judicial Code, we, nevertheless, will sustain the demurrer.

· Looking first at the matter of interest, we note that the petition for review concerns itself with in-

terest on benefits withheld by the Board. Cianfrani argues that his claim for interest arises from a "contractual relationship" between himself and the Commonwealth. If that is true, then Cianfrani's claim should be adjudicated by the Board of Claims and not this Court. *See* Section 1 of the Act of May 20, 1937, P.L. 728, *as amended,* 72 P.S. §4651-1.

We do not view the claim for interest to be contractual, however; rather, if Cianfrani is entitled to interest, it must arise from his successful litigation in *Cianfrani I.*

It has long been settled in this Commonwealth that the state is not liable to pay interest on its debts unless bound by statute or by contract of its executive officers. *Purdy Estate,* 447 Pa. 439, 291 A.2d 93 (1972); *Marianelli v. General State Authority,* 354 Pa. 515, 47 A.2d 657 (1946); *Northwestern National Bank v. Commonwealth,* 345 Pa. 192, 27 A.2d 20 (1942) and *Philadelphia v. Commonwealth,* 276 Pa. 12, 119 A. 723 (1923). Our review of the State Employees' Retirement Code, 71 Pa. C. S. §§5101-5956, does not reveal any obligation set forth therein to pay interest on benefits withheld and, of course, Cianfrani's petition for review does not refer us to any contractual obligation assumed by executive officers of the Board with respect to interest payments allegedly due him. Absent statutory or contractual obligation, the Commonwealth is not liable for interest.

Turning next to the matter of costs, pursuant to the provisions of Section 1726 of the Judicial Code, 42 Pa. C. S. §1726, our Supreme Court promulgated Pa. R.A.P. 2741 entitled "Parties Entitled to Costs". It is Cianfrani's contention that he and the members of the class he purports to represent are entitled to costs for the legal proceedings instituted to collect their pension benefits. Cianfrani directs us to *Baehr*

*Brothers v. Commonwealth,* 493 Pa. 417, 426 A.2d 1086 (1980) where an equally divided Supreme Court affirmed an order of this Court directing the Commonwealth to pay the costs of paper-books in the litigation which ended in favor of the non-Commonwealth party. While the decision in *Baehr* is not precedential, it is persuasive.[2] *Commonwealth v. Covil,* 474 Pa. 375, 378 A.2d 841 (1977). We note, however, that while Pa. R.A.P. 2741 does not in its text refer to the guidelines set forth in 42 Pa. C. S. §1726, those guidelines are repeated in the note accompanying the rule. The statute provides, *inter alia,* that where the question involved is a public question or where the law is uncertain and the purpose of the litigants is primarily to clarify the law, the prevailing party should not recover costs from the unsuccessful litigant.

Our query then, is as follows: where our Supreme Court has approved our own determination that the Commonwealth may be liable for costs and adopts a general Rule for the imposition of costs which does not embody the statutory guidelines *en toto,* are such guidelines nevertheless applicable to specific cases? We think they are and we believe that since *Cianfrani I* was in part a declaratory judgment proceeding and the issue involved therein was a public question, the Board should not be held responsible for the payment of costs in the instant case.[3]

---

[2] Further, *our* order directing that the costs sought by the successful non-Commonwealth party could be taxed against the Commonwealth, *is* precedential for this Court, since that order was not reversed.

[3] We note, furthermore, that no bill of costs was filed with this Court by Cianfrani. Although the mandatory provisions of Pa. R.A.P. 3751 were not in effect when *Cianfrani I* was decided, the normal procedure for Cianfrani to have followed would be to file a bill of costs upon which the Prothonotary of this Court could act. *See* Pa. R.A.P. 2762(b).

Finally, with regard to counsel fees, Cianfrani states rather boldly and without citation to statutory or case law that "it is clear" that the cost of legal services may be included with other costs awarded to successful litigants. Our review of the law leads us to a contrary conclusion. Section 1726 of the Judicial Code establishes taxable costs for Pennsylvania. Section 1726(1) provides that attorney's fees are *not* an item of taxable costs except to the extent authorized by Section 2503. 42 Pa. C. S. §2503. Cianfrani does not indicate that his case falls within any of the ten exceptions set forth in Section 2503 where reasonable counsel fees may be awarded as part of the taxable costs. We are of the opinion that his case falls within none of the exceptions. We, accordingly, deny his claim for counsel fees.

## Class Action

We, of course, are very much aware that this is captioned as a class action. Cianfrani argues that even though he might be denied certain of his claims, other members of the class may not likewise be barred. The nature of Cianfrani's suit is to recover interest, counsel fees and costs *as a successful litigant*. Our disposition of those matters in this opinion would apply equally to those persons who so litigated their rights. In paragraph 17 of the petition for review Cianfrani attempts to broaden the class he would represent by including those persons whose retirement and benefit rights had vested prior to July 8, 1978 and whose benefits were wrongfully withheld under the Forfeiture Act. Unless such persons had actually litigated their rights, they could not be entitled to costs or counsel fees. Their right to interest is barred by the prevailing case law we have cited, *supra*.

We conclude that neither Cianfrani nor the members of the class he has defined are entitled to any relief in the within matter.

## ORDER

The preliminary objections of the State Employees' Retirement Board are sustained and the petition for review of Henry J. Cianfrani, individually and on behalf of the State Employees' Retirement System Beneficiaries, is dismissed.

Judge BARRY concurs in the result only.