Alexander F. Barbieri, Court Administrator of Pennsylvania, Petitioner *v.* Honorable Kendall H. Shoyer et al., Respondents.

Argued January 31, 1984, before President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR., CRAIG, MacPHAIL, DOYLE and BARRY.

*Howland W. Abramson*, with him, *Alan C. Milstein*, for petitioner.

*J. Frank McKenna, III*, with him, *Kevin C. Abbott, Thorp, Reed & Armstrong*, for respondents.

*Vincent X. Yakowicz*, with him, *R. Budd Dwyer*, for respondent, Treasurer of Pennsylvania.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., July 9, 1984:

The Court Administrator of Pennsylvania,[1] has filed a petition in our original jurisdiction[2] pursuant to the Declaratory Judgment Act, 42 Pa. C. S. §§7531-7541, naming certain senior judges as respondents.[3]

---

[1] At the time of filing of the suit, the Honorable ALEXANDER F. BARBIERI was the Court Administrator of Pennsylvania. The Honorable ABRAHAM J. GAFNI is currently the Court Administrator of Pennsylvania.

[2] Section 761(a)(2) of the Judicial Code, 42 Pa. C. S. §761(a)(2).

[3] The group of senior judges includes the estate of one senior judge. Other named respondents are the State Employes' Retirement Board, its Executive Secretary, Robert Cusma, and R. Budd Dwyer, the Treasurer of the Commonwealth of Pennsylvania.

The Court Administrator seeks to have this Court construe the rights and duties of the parties with respect to monies presently being held by the State Employes' Retirement Board. Before the Court are cross-motions for summary judgment. We grant respondents' motion for summary judgment. We deny the Court Administrator's motion for summary judgment.

The senior judges in this action are all retired judges of courts of common pleas. Each of them has been periodically appointed as a senior judge by the Chief Justice of the Supreme Court of Pennsylvania pursuant to Section 4121(b) of the Judicial Code, 42 Pa. C. S. §4121(b). Their compensation for serving as senior judges was set at $175.00 per diem during 1979, 1980 and 1981, the years relevant to this case. During this time, respondents were also receiving pension benefits under their individually-exercised retirement plans. Due to a statutorily-imposed limitation on compensation, Section 3154(c) of the Judiciary Act of 1976, *as amended*, 42 Pa. C. S. §3154(c),[4] senior judges are restricted in what they may earn in per diem payments. Their total per diems for a year, when added to retirement income, may not exceed that which an active judge is presently earning on the court from which the senior judge retired.

As a result of the Supreme Court's holding in *McKenna v. State Employes' Retirement Board*, 495 Pa. 324, 433 A.2d 871 (1981), respondents' retirement

---

[4] This section reads in part:

In any calendar year the amount of compensation which a senior judge shall be permitted to earn as a senior judge shall not, when added to retirement income paid by the Commonwealth to such senior judge, exceed the compensation payable by the Commonwealth to a judge then in regular active service on the court from which such senior judge retired.

benefits have been retroactively increased.[5] These increased benefits which respondents are to receive as a result of *McKenna,* if retroactively allocated to the years 1979, 1980 and 1981, would cause the respondents to be deemed to have received compensation for those years in excess of the limitations established for senior judges by Section 3154(c) of the Judiciary Act of 1976, *as amended,* 42 Pa. C.S.A. §3154(c).

In his petition, the Court Administrator asks the Court to determine whether the monies received as a result of *McKenna* constitute excess compensation under Section 3154(c) of the Judiciary Act of 1976, *as amended,* 42 Pa. C. S. §3154(c), and whether he has a duty to recover such excess compensation under that statute and under Section 5953 of the State Employes' Retirement Code, 71 Pa. C. S. §5953. This section authorizes the set-off of obligations against retirement benefits by the Commonwealth.[6] The Court Administrator asserts that this suit concerns only whether per diem allotments received by the senior judges, when added to the pension benefits they rightfully re-

---

[5] The Supreme Court, in *McKenna* held that the Retirement Code of 1959, Act of June 1, 1959, P.L. 392, formerly 71 P.S. §§1725-101—809, repealed by Act of March 1, 1974, P.L. 125, 71 Pa. C. S. §§5101—5956, established a mandatory retirement system for state court judges who had at least ten years of service as of June 22, 1972. The freeze of final average salaries effected in June of 1972 by the Commonwealth Compensation Commission and the subsequent reduction of the multiplier were held to have impermissibly altered the class members' benefits package by failing to recognize added salary increases.

[6] The Court Administrator's interest in the resolution of these questions enables him to make out a cause of action under the Declaratory Judgment Act, 42 Pa. C. S. §§7521-7541. *See Barbieri v. Shapp,* 476 Pa. 513, 383 A.2d 218 (1978). The purpose of the Act is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." 42 Pa. C. S. §7541.

ceived, totalled an amount in excess of the statutory limit. The Court Administrator argues that the senior judges, being public officials, are only entitled to those payments expressly authorized by law. He contends that he is not seeking to retroactively apply a statutory limit since the limitation was in effect at the time the respondents were receiving excess per diems. All that was absent was an awareness on the part of the Court Adminsitrator that the statutory limit was being exceeded.

We reject this characterization of the monies sought by the Court Administrator. Each of the respondents had been periodically appointed as a senior judge by the Chief Justice of the Supreme Court of Pennsylvania pursuant to Section 4121(b) of the Judicial Code, 42 Pa. C. S. §4121(b). There existed a contractual relationship between the state, acting through the Court Administrator, and the respondents. These contracts have been fully performed and satisfied on the part of both parties. During the years in issue, the respondents worked as senior judges and were allotted per diems which, when added to the pension benefits they were then receiving, did not exceed the statutory limitation on compensation. Therefore, at the time the per diems were allotted, the contracts were not in violation of the limitation on compensation and there cannot now be a retroactive change of terms in those fully and duly performed contracts for per diem pay. It is clear that any excess in compensation that may currently exist consists not of an over-allotment of per diem but rather of the pension benefits which have been retroactively allocated. We will not allow the Court Administrator to alter these contracts which were executed in complete good faith.

We therefore accept respondents argument that the monies sought by the Court Administrator are the

pension benefits recovered in *McKenna,* and these benefits cannot be reduced retroactively by the state. None of the senior judges exceeded the limitation until after the proper amount of pension benefits recognized in *McKenna* was retroactively allocated. Requiring the repayment of any excess at this point would effectively reduce the pension benefits to which the senior judges were found entitled in *McKenna.* This impairment of pension rights is the very same type of reduction found impermissible in *McKenna.*

Respondents all have complied with the conditions of eligibility to receive pensions. They began their public service under the pension provisions of the State Employes' Retirement Code of 1959. Respondents, having satisfied all the conditions necessary to entitle them to a pension under that Code, have a vested right to have their retirement allowances computed according to the formula mandated by that Code. *McKenna* at 333, 433 A.2d at 876. For these same reasons, their benefits cannot now be reduced. All of the respondents had vested pension rights prior to the enactment of the limitation on compensation.[7] This limitation cannot prevent the paying of full benefits to which respondents are entitled under the State Employes' Retirement Code of 1959. The payment of retirement benefits is a contractual right which is constitutionally protected against legislative impairment. *AFSCME v. Commonwealth,* 77 Pa. Commonwealth Ct. 37, 44, 465 A.2d 62, 66 (1983).

Accordingly, we grant respondents' motion for summary judgment and deny petitioner's motion for summary judgment.

---

[7] The individually-named respondents all had at least ten years of service as of January 1, 1973. The limitation on compensation of senior judges was passed by the legislature by Act of April 28, 1978, P.L. 202. It became effective June 27, 1978.

562

## Order

Petitioner's motion for summary judgment is denied; respondents' motion for summary judgment is granted.