Bristol Township School District, Appellant *v.* Helene Karafin et al., Appellees.

Argued April 5, 1984, before Judges CRAIG, BARRY and PALLADINO, sitting as a panel of three.

*Edwin N. Popkin, Begley, Carlin & Mandio,* for appellant.

*A. Martin Herring,* for appellees.

*William Fearen,* with him, *Michael I. Levin, Cleckner & Fearen,* for Amicus Curiae, Pennsylvania School Boards Association.

Opinion by Judge Barry, July 18, 1984:

The Bristol Township School District (appellant) appeals an order by the Court of Common Pleas of Bucks County, which, upon consideration of a petition for declaratory judgment filed by eleven teachers (appellees), entered an order in favor of appellees.

Appellees' petition requested the trial court to interpret several sections of the Public School Code of 1949 which applied to the rights of the appellees in regard to sabbatical leave applied for in the 1980 school year to commence and be enjoyed during all or part of the 1981 school year. Prior to the conclusion of the 1980 school year appellees were notified that they would be suspended (furloughed) for the 1981 school year in accordance with Section 1124 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1124, because of reduction in pupil enrollment. In January, 1981, appellant decided that appellees would not be granted sabbatical leave if they were furloughed. Some of the appellees were furloughed and remained on furlough; however, some were recalled for employment for the 1981 school year.[1]

The issue before the trial court was whether suspension of a teacher pursuant to the Code deprives the teacher of sabbatical leave to which he or she would otherwise be entitled under Section 1166 of the Code. The trial court held that the appellees were entitled to sabbatical leave under Section 1166 of the Code. This appeal followed.

---

[1] Appellees denied sabbatical leave but recalled to employment during all or part of the 1981 school year were Helene Karafin, Linda Harten, and Sherrie Noch. The other appellees, Janice Hines, Linwood Rohrbach, Richard Cornwell, Rochelle Gay, Richard Puchino, Lynn Roccograndi, and Karen Brody were not recalled. Joann Schmidt was recalled but could not return until she had completed an approved psychology study program.

Section 1166 of the Code, provides:

Any person employed in the public school system of this Commonwealth who has completed ten (10) years of satisfactory service as a professional employe or member of the supervisory, instructional or administrative staff, or as a commissioned officer, of any board of school directors, county board of school directors, or any other part of the public school system of the Commonwealth, *shall* be entitled to a leave of absence, for restoration of health, study or travel, or, at the discretion of the board of school directors, for other purposes. At least five consecutive years of such service shall have been in the school district from which leave of absence is sought, unless the board of school directors shall in its discretion allow a shorter time. . . . (Emphasis added.)

24 P.S. §11-1166. Section 1168 of the Code, which pertains to return to employment, states:

No leave of absence shall be granted unless such person shall agree to return to his or her employment with the school district for a period of not less than one school term immediately following such leave of absence.

No such leave of absence shall be considered a termination or breach of the contract of employment, and the person on leave of absence shall be returned to the same position in the same school or schools he or she occupied prior thereto.

Upon expiration of a sabbatical leave, by consent of the school board, the requirement that the person on leave of absence shall return to the service of the school district or to the same position in the same school or schools

that he or she occupied prior thereto, may be waived.

24 P.S. §11-1168. Section 1170 of the Code, which concerns the rights retained by employees on sabbatical leave of absence, provides:

> Every employe, while on sabbatical leave of absence, shall be considered to be in regular full-time daily attendance in the position from which the sabbatical leave was taken, during the period of said leave, for the purpose of determining the employe's length of service and the right to receive increments as provided by law.

24 P.S. §11-1170. Finally, Section 1124 of the Code articulates the reasons for which a school board may suspend professional employees including, as is the case in the present appeal, a substantial decrease in pupil enrollment in the school district.

Appellant's principal argument is that Section 1166 of the Code mandates that persons must be "employed" to be entitled to sabbatical leave. It contends that because appellees have been suspended under Section 1124 of the Code, they are not "employed" and, therefore, do not have positions to return to as required by Section 1168 of the Code. Appellant concludes that the purpose of sabbatical leaves is not to provide "severance" pay to suspended school teachers but rather is to improve the educational program so that a teacher may be more knowledgeable and, therefore, more productive and effective upon return to the classroom. We are unpersuaded by these arguments.

In our view, it is mandatory, under Section 1166 of the Code, that an employee "*shall* be entitled" to sabbatical leave once he or she has met the requirements of this provision. Thereafter, the school board

has no discretion whether to grant the sabbatical leave. Appellant cannot deny appellee's right to sabbatical leave because the appellees were suspended. A school board, under Section 1171 of the Code, has the right to make regulations to ensure employees on sabbatical leave will utilize the leave for the purpose for which it was granted. It, however, cannot defeat a teacher's right to a sabbatical leave once he or she has met the statutory requirements.

Appellees, indeed, were employed when they applied for sabbatical leave. An inducement to enter and remain in the teaching field is the prospect of a sabbatical leave. Appellees have fulfilled their contractual and teaching obligations, and have met the statutory requirements for a sabbatical leave as well; therefore, they cannot be denied a benefit for which they have qualified.

The appellees surely would have continued as employees if they had been granted their right to sabbatical leave for the 1981 school year, within the intent of Section 1168 of the Code. This provision, furthermore, provides that the sabbatical leave shall not be considered a termination or breach of the teaching contract. In addition, a teacher on sabbatical leave is considered a regular full time employee under Section 1170 of the Code. These provisions protect the teachers because they preserve their status as far as continuity of service and the right to receive other employee benefits is concerned.

We, therefore, conclude that the grant of sabbatical leave to the appellees, as mandated by Section 1166 of the Code, would have extended their employment until the end of the 1981 school year when the notice of suspension could have become effective. We agree with the trial court that the appellant's right to suspend is not affected by the appellees' right to retain benefits of employment.

Appellant further contends that this interpretation of Sections 1166, 1168 and 1170 of the Code is violative of Section 1922 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1922, because it is unreasonable and against the public interest. We reject this argument and believe we need not resort to the Statutory Construction Act to interpret provisions which are clear and unambiguous.

For the foregoing reasons, we affirm the order of the trial court.

ORDER

AND Now, July 18, 1984, the order of the Court of Common Pleas of Bucks County, dated June 8, 1982, No. 81-09135-15-1, is affirmed.