Ridley School District, Appellant *v.* Ridley Education Association, Appellee.

Ridley Education Association, Appellant *v.* Ridley School District, Appellee.

Argued April 5, 1984, before Judges CRAIG, BARRY and PALLADINO, sitting as a panel of three.

*Stephen J. Polaha,* with him, *Arthur Levy,* for appellant/appellee, Ridley School District.

*Alexander A. Di Santi, Richard, Di Santi, Hamilton, Gallagher & Paul,* for appellee/appellant, Ridley Education Association.

OPINION BY JUDGE BARRY, July 19, 1984:

These cross appeals result from an order of the Court of Common Pleas of Delaware County which affirmed in part and reversed in part the award of an arbitrator on grievances filed by the Ridley Education Association (Association) against the Ridley School District (School District).

On September 2, 1980, the School District and the Association entered into a collective bargaining agreement covering the school years 1980-81 through 1982-83. In June of 1982, Gail Heinemeyer and Caroline Lindauer, professional employees of the School District, were notified they were being placed on suspended status pursuant to Section 1125.1 of the Public School Code of 1949[1] (School Code) because of declining pupil enrollment in the School District. Both employees claimed their suspensions were improper. Ms. Heinemeyer, who had completed ten years of teaching with the School District at the end of the 1981-82 school year, argued she had applied for, and was entitled to, a sabbatical leave, thereby obviating the need for her suspension. Mrs. Lindauer claimed she was entitled to another one-half year seniority for a maternity leave during the 1975-76 school year, thereby placing her ahead of other employees on the seniority list and requiring that her suspension be withdrawn.

The Association filed grievances on behalf of both employees; both grievances eventually proceeded to arbitration. The arbitrator ruled in favor of both employees. The School District appealed to the Court of Common Pleas of Delaware County. That court affirmed the arbitrator's award granting Ms. Heinemeyer her sabbatical leave but reversed the portion of the award crediting Mrs. Lindauer with an additional one-half year seniority. These cross appeals by the School District and the Association followed.

When reviewing the merits of an arbitrator's award, we are limited to determining if the award draws its essence from the collective bargaining agree-

---

[1] Act of March 10, 1949, P.L. 30, *as amended*, added by Section 3 of the Act of November 20, 1979, P.L. 465, 24 P.S. §11-1125(1) (Supp. 1984-85).

ment. *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty,* 473 Pa. 576, 375 A.2d 1267 (1977). "An award draws its essence from the collective bargaining agreement if the interpretation can in any rational way be derived from the agreement, viewed in the light of its language, its context, and any other indicia of the parties' intention." *City of Scranton v. Shoemaker,* 59 Pa. Commonwealth Ct. 141, 144, 428 A.2d 1048, 1049 (1981). Furthermore, parties to a collective bargaining agreement have "bargained for the arbitrator's construction, not the court's; thus a court has no business intruding into the domain of the arbitrator because its interpretation of the agreement differs from [the arbitrators]." *Scranton Federation of Teachers v. Scranton School District,* 498 Pa. 58, 65, 444 A.2d 1144, 1147 (1982). Accordingly, "the arbitrator's interpretation must be upheld if it is a reasonable one." *International Brotherhood of Firemen & Oilers v. School District of Philadelphia,* 465 Pa. 356, 366, 350 A.2d 804, 809 (1976).

The School District first argues that both the arbitrator and the common pleas court erred in ruling that a dispute concerning suspensions of professional employees pursuant to Section 1125.1 of the School Code is encompassed within the terms of the collective bargaining agreement and, therefore, subject to arbitration. "In deciding whether a dispute or grievance presents an arbitrable question one must determine whether the parties intended arbitration. Of course, the parties' intent is evidenced by the collective bargaining agreement and the circumstances surrounding its execution." *East Pennsboro Area School District v. Pennsylvania Labor Relations Board,* 78 Pa. Commonwealth Ct. 301, 305, 467 A.2d 1356, 1358 (1983). Furthermore, "the broad judicial deference given arbitrators' decisions applies with equal force

to determinations regarding the arbitrability of the subject matter of a grievance.'' *Scranton Federation of Teachers* at 65, 444 A.2d at 1147.

Article XXX, Section 1 of this collective bargaining agreement defines a grievance as "a claim or assertion that there has been a violation of any of the provisions of this agreement.'' Furthermore, Article XXVII provides:

The Public School Code of the Commonwealth of Pennsylvania includes certain job security provisions, certification, and other regulatory provisions associated with various classes of employees. The parties hereby aver that such provisions of the School Code represent their complete agreement and that said provisions shall govern the manner in which the job security, job progression, and reduction in force practice shall be effected with respect to members of the Bargaining Unit.

In *Rylke v. Portage Area School District*, 473 Pa. 481, 375 A.2d 692 (1977), the court ruled that a provision in a collective bargaining agreement almost identical to the present provision demonstrated the parties' intent to allow an arbitrator to rule on the propriety of suspensions of professional employees. The School District argues, however, that *Rylke* is inapposite because of changes made in the School Code after the decision in *Rylke* and prior to the signing of the present collective bargaining agreement. That change, contained in Section 1125.1(f) provides, ''A decision to suspend in accordance with this section shall be considered an adjudication within the meaning of the act known as the 'Local Agency Law [2 Pa. C. S. §§551-55, 751-54].' '' 24 P.S. §11-1125.1 (Supp. 1984-85). No such provision was present in the prior law dealing with suspensions in effect when *Rylke* was decided. The School District argues that

Section 1125.1(f) *mandates* review of suspensions under the Local Agency Law, thereby evidencing the parties' intent not to allow arbitration of disputes over suspensions. It further argues that *Neshaminy Federation of Teachers v. Neshaminy School District,* 501 Pa. 534, 462 A.2d 629 (1983), compels such a conclusion.

In *Neshaminy,* a professional employee was *dismissed* pursuant to Section 1122 of the School Code following his convictions of various crimes. A grievance was filed and the arbitrator ordered the teacher reinstated. On appeal, the Supreme Court, after reviewing the collective bargaining agreement, concluded that the parties did not intend to allow arbitration of disputes over the dismissal of a professional employee. The court's decision was based on a number of factors. Most importantly, the parties excluded "dismissal" from the arbitration clause while using that term in other portions of the agreement. The court went on to state that since Section 1127 of the School Code *mandates* a hearing before the school board on dismissals pursuant to Section 1122, allowing arbitration on such questions would contravene the School Code, thereby violating a provision of the collective bargaining agreement which specifically stated, "Nothing contained herein shall supersede the provisions of the school laws of Pennsylvania. . . ." *Neshaminy* at 541, 462 A.2d at 632-33. Furthermore, allowing arbitration would have subjected dismissals to a "just cause" standard when Section 1122 of the School Code, which gives the only reasons allowing dismissal, was more limited.

The Association, in the present case, argues that Section 1125.1(f) is nothing more than a codification of case law to the same effect. *Fatscher v. Board of School Directors, Springfield School District,* 28 Pa. Commonwealth Ct. 170, 367 A.2d 1130 (1977). In

*Rylke*, the court recognized that a suspended employee, rather than utilizing the arbitration procedure, could use the Local Agency Law to challenge a suspension. The choice of which remedy to pursue is the employee's. The Association further claims that a comparison of the language in Section 1125.1(f) with that used in Section 1127 shows the former in no way mandates an employee to invoke the Local Agency Law in suspension cases.

Section 1127 provides:

> Before any professional employe having attained a status of permanent tenure is dismissed by the board of school directors, such board of school directors shall furnish such professional employe with a detailed written statement of the charges upon which his or her proposed dismissal is based and *shall conduct a hearing.* (Emphasis added.)

24 P.S. §11-1127. The language of Section 1125.1(f) merely states that a decision to suspend is an adjudication. We agree with the Association that Section 1125.1(f) does not mandate an employee to challenge a suspension pursuant to the Local Agency Law.

We must note at this point that the positions advanced by both the School District and the Association are reasonable. Accordingly, the arbitrator could have adopted either and we would have been bound to affirm either decision. The arbitrator chose to accept the position of the Association and held this question was arbitrable. Because of the deference we must accord to the interpretation of the arbitrator, we will not disturb his ruling on this question. As both suspensions are therefore subject to arbitration, we must review the arbitrator's awards on the merits.

The School District argues that the decision of the arbitrator awarding a sabbatical leave to Ms. Heinemeyer did not draw its essence from the collective

bargaining agreement. The School District concedes that were it not for the suspension, Ms. Heinemeyer would be entitled to the sabbatical leave. Section 1166 of the School Code provides, "Any person employed in the public school system of this Commonwealth who has completed ten (10) years of satisfactory service as a professional employe . . . shall be entitled to a leave of absence for . . . study or travel. . . ." 24 P.S. §11-1166 (Supp. 1984-85). Furthermore:

No leave of absence shall be granted unless such person shall agree to return to his or her employment with the school district for a period of not less than one school term immediately following such leave of absence.

No such leave of absence shall be considered a termination or breach of the contract of employment, and the person on leave of absence shall be returned to the same position in the same school or schools he or she occupied prior thereto.

Upon expiration of a sabbatical leave, by consent of the school board, the requirement that the person on leave of absence shall return to the service of the school district or to the same position in the same school or schools that he or she occupied prior thereto, may be waived. If the school board has not waived the obligation to return to school service upon expiration of the sabbatical leave and the employe fails to do so, unless prevented by illness or physical disability, the employe shall forfeit all benefits to which said employe would have been entitled under the provisions of this act for the period of the sabbatical leave.

24 P.S. §11-1168. The School District argues that Ms. Heinemeyer will be unable to return to the same

position because that position has been eliminated; since she is unable to comply with the requirements of Section 1168, the School District argues Ms. Heinemeyer was not entitled to the sabbatical leave.

The Association contends that Ms. Heinemeyer, having taught for ten years, and having properly applied, is entitled to a sabbatical under Section 1166 of the School Code. Furthermore, as the Association argues, Ms. Heinemeyer agreed to return to her teaching post following the year long sabbatical and, were it not for the School District's decision to suspend her, there would be no impediment to Ms. Heinemeyer's entitlement to the sabbatical.

In *Bristol Township School District v. Karafin,* 84 Pa. Commonwealth Ct. 52, 478 A.2d 539 (1984), a case of first impression in this Court, we held that professional employees who would otherwise be entitled to a sabbatical leave were it not for a suspension cannot be suspended until the year long sabbatical is over. We are constrained to point out that our decision in the present case is not governed by our decision in *Karafin.* Both the School District and the Association have ably presented arguments in support of their respective interpretations of the School Code. Both interpretations are reasonable, especially since no appellate cases have been decided on this issue while this case was being litigated. The arbitrator chose the interpretation advanced by the Association and, since that interpretation is a *reasonable* one, we must affirm the decision of the common pleas court affirming the award of the arbitrator. *International Brotherhood of Firemen & Oilers.*

In its cross appeal, the Association argues that the common pleas court erred in vacating that portion of the arbitrator's award crediting Mrs. Lindauer with an additional one-half year seniority. Section 1125.1(a) of the Public School Code provides:

(a) Professional employes shall be suspended under section 1124 (relating to causes for suspension) in inverse order of seniority within the school entity of current employment. Approved leaves of absence shall not constitute a break in service *for purposes of computing seniority for suspension purposes.* Seniority shall continue to accrue during suspension and all approved leaves of absence. (Emphasis added.)

24 P.S. §11-1125.1(a) (Supp. 1984-85). Prior to the effective date of this section, November 20, 1979, seniority accrued only for military and sabbatical leaves. The common pleas court ruled that crediting Mrs. Lindauer with the additional seniority involved an impermissible retroactive application of Section 1125.1.

As the Association argues, Mrs. Lindauer was suspended after the effective date of Section 1125.1. For purposes of suspensions, all approved leaves of absences do not constitute a break in service. There is no dispute that Mrs. Lindauer's maternity leave during the 1975-76 school year was approved by the School District. Accordingly, the Association contends that no retroactive application of Section 1125.1 is involved, as "a statute does not operate retroactively merely because some of its facts or conditions upon which its application depends came into existence prior to its enactment." *Department of Labor & Industry, Bureau of Employment Security v. Pennsylvania Engineering Corp.,* 54 Pa. Commonwealth Ct. 376, 381, 421 A.2d 521, 524 (1980).

The common pleas court ruled that crediting Mrs. Lindauer with the additional seniority constituted a retroactive application of Section 1125.1. As with the issue of Ms. Heinemeyer's sabbatical leave, the interpretations of both the arbitrator and the court

cannot be classifed as unreasonable, especially since there are no appellate cases deciding this issue. As the parties bargained for the arbitrator's construction, his decision, if reasonable, must prevail. *International Brotherhood of Firemen & Oilers.* The court, therefore, erred in vacating this portion of the arbitrator's award.

### ORDER

AND Now, July 19, 1984, the portion of the order of the Court of Common Pleas of Delaware County, dated January 31, 1983, and February 28, 1983, at No. 17481 of 1982, Civil Action—Law, affirming the arbitrator's award is affirmed. The remaining portion, which vacated the award of the arbitrator, is reversed and the arbitrator's award is reinstated.