Paula R. Nelson, Appellant *v.* Western Beaver County School District, Appellee.

Argued March 15, 1985, before Judges CRAIG, BARRY and COLINS, sitting as a panel of three.

*Daniel R. Delaney, Delaney and Evans,* for appellant.

*Alfred L. Steff, Jr.,* for appellee.

Opinion by Judge Colins, May 3, 1985:

Appellant, Paula Nelson, appeals that part of the order of the Court of Common Pleas of Beaver County which limits her sabbatical salary to one-half of her part-time salary.

Ms. Nelson had timely applied for a sabbatical for the 1981-1982 school year. The Western Beaver County School District (School District), by whom she had been employed full-time for eleven years (at that time), denied her request and furloughed her for the 1981 school year.

Ms. Nelson received unemployment compensation, found part-time work, and in the 1982-1983 school year she was recalled to a half-time position.[1] In August, 1982, apparently due to the decision of *Bris-*

---

[1] She was legally required to accept a part-time position, or she would forfeit her right to recall and to further unemployment compensation.

*tol Township School District v. Karafin*, 84 Pa. Commonwealth Ct. 52, 478 A.2d 539 (1984), declaring that sabbatical leave is mandatory once an employee has met the requirements, the School District awarded the sabbatical leave nunc pro tunc for the period from September 1, 1981 through June, 1982.[2] She was offered by the School District the sum she would have received reduced by the unemployment compensation and any other monies earned. She declined both parts of this offer.

Following the commencement of a mandamus action, the trial court, on February 3, 1983, granted appellant a sabbatical leave for the 1983-1984 school year. She was, at that time, employed half-time by the School District. The School District determined that it would compensate her at one-half her current salary (or one-fourth her previous salary), rather than one-half her salary at the time she had originally applied for the sabbatical. The Court below ruled that she should receive one-half her part-time salary during her sabbatical.

Section 1166 of the Public School Code of 1949[3] (Code) provides that:

> Any person employed in the public school system of this Commonwealth who has completed ten (10) years of satisfactory service as a professional employe or member of the supervisory, instructional or administrative staff, or as a commissioned officer, of any board of school directors, county board of school directors, or any other part of the public school system of the Commonwealth, *shall* be entitled

---

[2] Obviously, appellant would not be able to take this time to pursue any studies as she intended because her sabbatical was over before it was granted.

[3] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §1166.

to a leave of absence for restoration of health, study or travel, or, at the discretion of the board of school directors, for other purposes. At least five consecutive years of such service shall have been in the school district from which leave of absence is sought, unless the board of school directors shall in its discretion allow a shorter time. . . . (Emphasis added.)

In *Karafin*, this Court found that:

In our view, it is mandatory, under Section 1166 of the Code, that an employee "*shall* be entitled" to sabbatical leave once he or she has met the requirements of this provision. Thereafter, the school board has no discretion whether to grant the sabbatical leave. . . . Appellees have fulfilled their contractual and teaching obligations, and have met the statutory requirements for a sabbatical leave as well; therefore, they cannot be denied a benefit for which they have qualified. (Emphasis in original.)

It is clear that Ms. Nelson had fulfilled her contractual obligations which were required by statute for her to qualify for a sabbatical at the time she had applied for it. This is analagous to the public employees' complying with all conditions necessary to receive their retirement allowance. At the time that the employees satisfy the conditions, the right to retirement benefits has vested and cannot be denied. *Bellomini v. State Employees' Retirement Board*, 498 Pa. 204, 445 A.2d 737 (1982). *See also Barbieri v. Shoyer*, 83 Pa. Commonwealth Ct. 556, 478 A.2d 149 (1984); *Cianfrani v. State Employees' Retirement Board*, 78 Pa. Commonwealth Ct. 597, 468 A.2d 1151 (1983), *aff'd.* Pa. , 479 A.2d 468 (1984); *Commonwealth v. Officers and Employees Retirement*

130

*Board,* 501 Pa. 293, 461 A.2d 593 (1983). Because appellant's right to a sabbatical had vested at the time she applied for it, we find that appellant's salary due her on a sabbatical also vested at that time. The fact that she was then required to resort to litigation which eventually resulted in the receipt of that which she had originally requested two years after her application cannot be utilized by the School District to reduce her salary. Her leave obviously cannot be granted retroactively (although the School District attempted to do so). The original wrong need not be exacerbated by the reduction in salary due.

The decision of the Court of Common Pleas of Beaver County is affirmed concerning the grant of a sabbatical and reversed concerning the payment of her salary. Appellant is entitled to one-half of her salary which she would have received in the 1981 school year, plus legal interest from September 30, 1981.

Since the record is unclear as to whether or not appellant has availed herself of the sabbatical leave ordered by the trial court, and as to what, if anything, appellant has been paid for the sabbatical, the matter is remanded to the Court of Common Pleas of Beaver County for proceedings consistent with this opinion.

ORDER

AND NOW, May 3, 1985, the order of the Court of Common Pleas of Beaver County, dated March 31, 1983, is affirmed concerning the grant of a sabbatical leave, and reversed insofar as it relates to the salary paid during the sabbatical leave.

The matter is remanded to the Court of Common Pleas of Beaver County for further proceedings consistent with this opinion.

Jurisdiction relinquished.

CONCURRING AND DISSENTING OPINION BY JUDGE BARRY:

I agree that Ms. Nelson is entitled to a sabbatical leave and that she should receive one-half of the salary she would have received in the 1981-82 school year, plus legal interest from September 30, 1981. I believe, however, that a credit should be given the School District for the amount of unemployment compensation and outside earnings garnered during the 1981-82 school year. I would remand for a determination of this amount.