Russell W. Arbuckle, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 6, 1983 to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

Robert A. Rosin, with him Howard R. Sklaroff, for petitioner.

Joel G. Cavicchia, Associate Counsel, with him Richard L. Cole, Jr., Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, August 15, 1983:

Claimant Russell W. Arbuckle appeals an order of the Unemployment Compensation Board of Review, affirming a referee's decision to deny benefits on the basis that the employer, Forms, Inc., discharged the claimant because of willful misconduct.[1]

The question is whether the employer's revocation of a vacation permission was unreasonable.

On September 10, 1981, the claimant, who had been employed by Forms for approximately four years as a finishing operator, submitted a written request to his supervisor for two paid vacation days and four unpaid vacation days beginning October 30, 1981, because the claimant was to be married on October 31, 1981. The supervisor granted that request.

The claimant, who had been working on the day shift, was transferred to the midnight to 8 a.m. shift for one week, beginning October 26, 1981, to train another operator. On October 29, 1981, the claimant reminded his supervisor that his vacation was to begin

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(e).

on October 30, 1981, but his supervisor told the claimant that, because he was on the night shift, he would be required to work on October 30, 1981. After the claimant again requested permission to take the following day off, the supervisor told the claimant that if he failed to work on October 30, 1981, he would be discharged.

The claimant did not work that day, and his employer fired him, asserting that the claimant's failure to report to work that day caused a loss to the employer of approximately $1,000 because no one was available to operate the machine.

The referee based his willful misconduct conclusion on the absence of a replacement for the claimant, and the employer's financial loss when the claimant remained away from work. We disagree.

Recognizing that willful misconduct represents a disregard of standards of behavior which the employer has a right to expect of an employee, our Supreme Court, in *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 87, 351 A.2d 631, 634 (1976), said that "not only must we look to the employee's reason for non-compliance, we must also evaluate the reasonableness of the request in light of all of the circumstances."

In *Frumento,* an employee advised his employer that, because of his duties as an elected judge of election, he would have to miss work on primary days and general election days. The employer told the employee that permission for taking those days off would depend upon the volume of work at that time. Three months later, on the day before primary day, the employee told his employer that he would have to miss work the next day. The employer refused to grant him the day off, and warned the employee that he would be discharged if he did not attend work.

In concluding that the employer's request was unreasonable, the court said:

> Having waited until the day before the primary election, when the question was again raised by the employee, to issue the directive in question appears to have been an unreasonable approach. Further, the employer first conditioned his approval of the absence upon whether the workload would allow the loss of the employee's services for the day. The refusal, however, was predicated upon the absence of other employees and not an increase in the volume of the normal workload.

*Id.* at 87-88, 351 A.2d at 634-635.

In the present case, the claimant gave the employer six weeks notice of his desire to take off the day before his wedding to conduct pre-wedding errands, and, unlike the employer in *Frumento,* the employer here granted unconditional permission for the claimant to do so. Also, the revocation of permission in *Frumento* and the revocation in the matter before us both occurred one day before the requested day off. Furthermore, both revocations resulted from an absence of employees needed to replace the claimant, although in neither situation was that factor a condition of earlier approval. Thus, in the present case, there is at least as compelling a basis to conclude that the employer's request was unreasonable.

Therefore, the claimant had good cause for his action, considering the unreasonableness of the employer's late revocation of permission. Because the denial of benefits was not justified,[2] we reverse the decision of the board.

---

[2] The board, in its brief, agrees that substantial evidence exists to support the referee's Finding of Fact No. 9 which provides:

ORDER

Now, August 15, 1983, the order of the Unemployment Compensation Board of Review, No. B-205729, dated May 14, 1982, is reversed and the record is remanded for the computation of benefits.

Jurisdiction relinquished.

---

On October 29, 1981 the Claimant spoke with his supervisor regarding his vacation to begin on October 30, 1981. The supervisor advised the Claimant that since he was on the night shift, he would be required to work on October 30, 1981 from midnight to 8 a.m. in order to complete his 40 hour work week.

However, the board contends that the evidence supporting this finding also indicates that the employer had clearly apprised the claimant that his transfer to night work meant the rescission of vacation time for October 30, 1981. However, the board made no such finding, and we must review the legal conclusion that the board has drawn from its own findings. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977).