Russell W. Arbuckle, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 3, 1984, before President Judge CRUMLISH, JR. and Judges ROGERS, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Robert A. Rosin,* with him, *Howard R. Sklaroff,* for petitioner.

*Joel G. Cavicchia,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, July 19, 1984:

The question presented in this case is whether, under Pa. R.A.P. 2741, costs may be taxed against the Unemployment Compensation Board of Review (Board) as the losing party in an unemployment compensation claimant's successful appeal to this Court.

The facts underlying this case are as follows: Petitioner, Russell W. Arbuckle, was fired for failing to report to work on October 30, 1981, the day before his wedding. Petitioner had previously been granted a vacation day for October 30, which the Employer revoked on October 29. Petitioner still took the day off to prepare for his wedding, and as a result, was discharged. The referee and the Board declared him ineligible for unemployment compensation benefits on the basis of willful misconduct.[1] This Court reversed the order of the Board and remanded for computation of benefits, holding that Petitioner was not guilty of willful misconduct because the Employer's late revocation of the vacation day was unreasonable.[2]

Petitioner has filed a bill of costs totalling $588.31. The Board has filed exceptions to Petitioner's bill of

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

[2] *Arbuckle v. Unemployment Compensation Board of Review,* 76 Pa. Commonwealth Ct. 364, 463 A.2d 1268 (1983).

costs, asserting that the imposition of costs upon it would work a substantial injustice, because the Board is a quasi-judicial body which is required to act as the respondent in appeals from it decisions. For the reasons set forth below, we deny Petitioner's bill of costs.

Section 1726 of the Judicial Code[3] authorized the governing authority (the Pennsylvania Supreme Court) to promulgate general rules governing the imposition of costs. This section also set forth guidelines for the Supreme Court to consider in prescribing its rules. Section 1726(2) provides that:

The prevailing party should recover his costs from the unsuccessful litigant except where the:

(i) Costs relate to the existence, possession or disposition of a fund and the costs should be borne by the fund.

(ii) Question involved is a public question or where the applicable law is uncertain and the purpose of the litigants is primarily to clarify the law.

(iii) Application of the rule would work substantial injustice.

Pursuant to this authorization the Supreme Court promulgated Pa. R.A.P. 2701-2771 governing fees and costs in appellate courts and on appeal. Pa. R.A.P. 2741 states that except as otherwise provided by law, when an appellant is successful, costs shall be taxed against the appellee.[4] The note to Pa. R.A.P. 2741

---

[3] 42 Pa. C. S. §1726.

[4] Rule 2741. Parties Entitled to Costs

Except as otherwise provided by law:

(1) If an appeal or other matter is dismissed, costs shall be taxed against the appellant or other moving party in the appellate court unless otherwise agreed by the parties or ordered by the court.

sets forth the guidelines found in Section 1726. Although they are not included within the text of the rule, these guidelines are applicable to specific cases. *Cianfrani v. State Employees' Retirement Board*, 78 Pa. Commonwealth Ct. 597, 468 A.2d 1151 (1983), *aff'd,* Pa. , 479 A.2d 468 (1984).

The Board argues that this case falls within the provisions of Section 1726(2)(iii). Although there is no case law defining the standards under this section, we believe the decision that the imposition of costs would work substantial injustice is within the discretion of the court, and should be based upon the facts and circumstances of the particular case.

In deciding this case, we have considered several significant facts:

1.  The Board is a quasi-judicial body with no rule or policy-making function.

---

(2) If an order is affirmed, costs shall be taxed against the appellant unless otherwise ordered.

(3) If an order is reversed, modified or vacated with a direction for a new trial, costs shall be taxed against the appellee, unless otherwise ordered, or unless the appellee causes the matter to be retried below within one year after the remand of the record, in which event the liability for costs shall follow the final judgment on such retrial unless otherwise ordered.

(4) If an order is reversed, without a direction for a new trial, costs shall be taxed against the appellee unless otherwise ordered, or unless the lower court shall determine that the matter is not finally closed between the parties, and the appellee shall bring a new action against the appellant within 30 days after such determination, in which event the liability for costs shall follow the final judgment in such second or other matter relating to the same cause of action.

(5) If an order is affirmed or reversed in part, or is vacated, costs shall be allowed only as ordered by the court.

2. The Board was required to enter this litigation as a respondent as part of Claimant's appeal from the Board's decision.[5]

3. The Employer, who in essence initiated this litigation and acted as Claimant's adversary party before the referee and the Board, is no longer a party. Thus, the Employer is not available for the court to impose costs against it.

4. No statute or rule explicitly authorizes the imposition of costs on an adjudicatory board of a Commonwealth agency which has not initiated the action.[6]

5. In 1983, the Board was named as respondent in over 700 cases appealed to this court.[7]

6. The Board represents the public interest in appeals from its decisions.

As a general matter, Pa. R.A.P. 2741 permits a court to impose the costs of appeal on the Commonwealth as the losing party. *Cianfrani*, 78 Pa. Commonwealth Ct. at 602-604, 468 A.2d at 1155; *see also Tunison v. Commonwealth*, 347 Pa. 76, 31 A.2d 521 (1943); *Baehr Brothers v. Commonwealth*, 493 Pa. 417, 426 A.2d 1086 (1981) (KAUFFMAN, J., opinion in support of affirmance). Petitioner argues that this case falls within the scope of Justice KAUFFMAN's

---

[5] *See* Pa. R.A.P. 1513(b).

[6] For an example of a statute explicitly authorizing the imposition of *attorneys fees* and *expenses* against a Commonwealth agency, *see* Act of December 13, 1982, P.L. 1127, §§1-5, 71 P.S. §§2031-2035 (Where an administrative agency initiates an adversary adjudication, the adjudicatory officer is authorized to award attorneys fees and expenses to a party prevailing against the agency, unless the agency's position is substantially justified or special circumstances make such an award unjust).

[7] The actual number is 750. This figure was taken from the Commonwealth Court of Pennsylvania's Statistical Report for 1983.

opinion in *Baehr Brothers*, in which an equally divided Supreme Court affirmed an order of this Court which imposed costs on the Commonwealth as the losing party in an appeal from the Board of Finance and Review.

*Baehr Brothers* originated as a challenge to a realty transfer tax assessment made by the Department of Revenue. The Pennsylvania Supreme Court reversed the Department's assessment in *Baehr Brothers v. Commonwealth,* 487 Pa. 233, 409 A.2d 326 (1979). The taxpayer filed a bill of costs against the Commonwealth, which was granted by this Court. On appeal, in a 3-3 decision, the Supreme Court affirmed the imposition of costs. Justice KAUFFMAN's opinion in support of affirmance stated that the Commonwealth's unlawful action in imposing the tax necessitated the appeal, and therefore justified the imposition of costs against it. We do not believe *Baehr Brothers* is relevant to the instant case. The costs in *Baehr Brothers* were imposed on the Commonwealth, representing the original defendant, the Department of Revenue, not the Board of Finance and Revenue, the analogous adjudicatory body.

In the instant case the Board did not initiate the litigation, by unlawful act or otherwise. The Board was only carrying out its duties as fact finder, adjudicator and respondent. We believe the rationale of the opinion in support of affirmance in *Baehr Brothers* does not control this case.

If we were to impose costs upon the Board, we would, in effect, be taxing costs against a judicial body for rendering a decision which was later held to be incorrect. Costs would more appropriately be taxed against the Employer, who was Claimant's adversary party before the Board. Unfortunately, as noted above, the Employer was not required to be named as respondent in this appeal and so is unavail-

able for us to make such an award. In addition, in view of the volume of cases in which the Board acts as respondent before this Court, the imposition of costs under Pa. R.A.P. 2741 would create a heavy financial burden upon the Board's administrative fund. Therefore, we hold that the imposition of costs on the Board would work substantial injustice. Accordingly, Petitioner's bill of costs is denied.

### ORDER

AND Now, July 19, 1984, the bill of costs filed by Russell W. Arbuckle in the above-captioned matter is denied.