515 A.2d 356

Clair D. and Vicki Hardy; and Curtis A. and Suzanne C. Eppley; and Jack E. and Elizabeth H. Naegele; and Lou and Carolyn Hoffman, Petitioners *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Respondent.

Argued May 15, 1986, before Judges MACPHAIL and COLINS, and Senior Judge ROGERS, sitting as a panel of three.

*Eugene E. Dice,* for petitioners.

*Timothy J. Bergere,* Assistant Counsel, with him, *Paul Simon,* for respondent.

OPINION BY JUDGE COLINS, September 24, 1986:

Clair D. and Vicki Hardy et al. (petitioners) appeal an order of the Environmental Hearing Board (Board), which denied their application for attorneys' fees pursuant to the Act of December 13, 1982, P.L. 1127, 71 P.S. §§2031-2035 (Costs Act or Act).

Petitioners are property owners in Hill-N-Dale Estates, a seven lot subdivision in Carroll Township (Township), York County. This subdivision had not been incorporated into the official Township Sewage Facilities Plan and, after their existing sand-lot septic system malfunctioned,[1] petitioners requested that the Department of Environmental Resources (Department) compel the Township to amend the official plan and provide

---

[1] Petitioners contend that their septic systems malfunctioned to the extent that raw sewage was deposited onto the ground surface thereby contaminating at least one well within the subdivision. In the procedural posture of this case, the Board has not conducted a hearing on the merits and has not, therefore, made findings of fact. We, accordingly, limit our recitation of the relevant facts to those matters not seriously contested by the parties.

for effective sewage disposal.[2] On June 2, 1983, petitioners were notified by the Department that the Township had retained an engineering firm to seek a "cost effective and environmentally sound solution to [their] sewage problems" and to "prepare a revision" to the official Township plan. Petitioners appealed this decision to the Board.

On June 8, 1984, while the appeal was pending, the Department ordered the Township to revise its official sewage plan so as to adequately address the current and future needs of petitioners' subdivision. The Department moved to dismiss the appeal as moot and petitioners, admitting that the Department's order effectively satisfied their initial request for revision, agreed to withdraw their appeal.

Petitioners then filed an application for an award of attorneys' fees pursuant to the Costs Act, which petition, as we have indicated, was denied by the Board. In its decision, the Board determined that: (1) any Department action appealable to the Board, as is the denial of a private request to revise an official sewage facilities plan, constitutes an adversary adjudication, as defined in the Act, but that (2) the Act applies only to those adversary adjudications *initiated* by the Department, namely, to those cases in which an agency, upon its own initiative, takes some action against a party. The Board concluded that the Costs Act did not apply to these proceedings because the Department had not initiated the action.

---

[2] *See* Section 5 of the Pennsylvania Sewage Facilities Act, Act of January 24, 1966, P.L. (1965) 1535, *as amended,* 35 P.S. §750.5(b), which authorizes such request as follows: "[a]ny person who is a resident or property owner in a municipality may request the department to order the municipality to revise its official plan where said person can show that the official plan is inadequate to meet the resident's or property owner's sewage disposal needs."

We must determine whether petitioners are entitled to an award of counsel fees, pursuant to the Costs Act, where the Department defers action on a petition to compel revision of an official sewage disposal plan. We believe an interpretation of the Costs Act is a matter of first impression for this Court.[3]

In enacting the Costs Act, the legislature intended to "diminish the deterrent effect of seeking review of or defending against administrative agency action" and "deter the administrative agencies of this Commonwealth from initiating substantially unwarranted actions against individuals, partnerships, corporations, associations and other nonpublic entities." Section 1 of the Act, 71 P.S. §2031(c).

> Section 3 of the Act, 71 P.S. §2033(a), provides that: a Commonwealth agency that *initiates* an adversary adjudication shall award to a prevailing party, other than the Commonwealth, fees and other expenses incurred by that party . . . unless the adjudicative officer finds that the position of the agency, as a party to the proceeding, was substantially justified or that special circumstances made an award unjust. (Emphasis added.)

---

[3] This Court has referred to the Costs Act in *Arbuckle v. Unemployment Compensation Board of Review*, 84 Pa. Commonwealth Ct. 145, 478 A.2d 545 (1984), *Lehotzky v. State Civil Service Commission*, 82 Pa. Commonwealth Ct. 612, 477 A.2d 13 (1984) and *Pennsylvania Board of Probation and Parole v. Baker*, 82 Pa. Commonwealth Ct. 86, 474 A.2d 415 (1984), but has not had the opportunity of interpreting its provisions. In *Lehotzky* and *Baker* this Court did not decide whether the Act authorized an award of counsel fees because the orders of the respective agencies preceded the effective date of the statute, July 1, 1983. In *Arbuckle,* this Court merely cited the Act as an example of a statute expressly authorizing the imposition of attorneys' fees and expenses against a Commonwealth agency.

In defining "adversary adjudication", the Act adopts the definition of adjudication found in 2 Pa. C. S. §101: "any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made."[4]

Petitioners concur in the Board's determination that the Department's letter of June 2, 1983 constituted an adversary adjudication under the Act but contend upon appeal that the Department initiated such adjudication when it denied their request for revision, thus rendering the Act applicable to this proceeding.

The Department's denial of a private request for revision is an action appealable to the Board, 25 Pa. Code §71.17(d), and as such, is clearly encompassed within the Act's broad definition of adversary adjudication, as the Board so found. However, we cannot agree with petitioners' argument that such denial by the Department initiates an adversary adjudication so as to render the costs incurred recompensable. We take petitioners' argument to mean that costs incurred in appealing *any* action of the Department would be recompensable under the Act. In our view, such an interpretation belies the express language and stated purpose of the Act.

---

[4] 71 P.S. §2032 states that the term adversary adjudication "does not include an adjudication":

(1) Establishing or fixing a rate;

(2) Granting, reviewing, revoking or suspending a license or registration;

(3) Resolving disputes concerning the dismissal, suspension, or discipline of any employee of this Commonwealth; or

(4) Involving any criminal charges or allegations of official wrongdoing, corruption, malfeasance or misfeasance.

We are, of course, constrained to construe statutory language according to its common and approved usage. 1 Pa. C. S. §1903(a). Webster's Ninth New Collegiate Dictionary (1983) defines initiate as "to cause or facilitate the beginning of." We fail to see how the Department "caused or facilitated the beginning of" this adjudication. We believe that petitioners began this action in their private request for revision directed at the Department.

We are supported in our interpretation by the presumption that the legislature intended the "entire statute to be effective and certain," 1 Pa. C. S. §1922(2); requiring that "every statute shall be construed, if possible, to give effect to all its provisions," 1 Pa. C. S. §1921(a).

Petitioners' interpretation renders the statutory term "initiates", as found in "initiates an adversary adjudication," 71 P.S. 2033(a), mere surplusage. We must construe a statute to give effect to every word, if possible, *Commonwealth v. Driscoll*, 485 Pa. 99, 401 A.2d 312 (1979), and we cannot avoid the import of the legislature's inclusion of that term in the Act.

The Costs Act was adopted from Section 504 of the federal Equal Access to Justice Act, 5 U.S.C. §504,[5] with certain notable modifications. In Section 3 of the Act, 71 P.S. §2033(a), providing for an award of fees and costs, our legislature substituted the term "initiates" for the term "conducts" as found in the analogous subsection of the federal statute. 5 U.S.C. §504(a)(1).[6] More-

---

[5] Pub. L. 99-80, §6(a), (b)(1), Aug. 5, 1985, 99 Stat. 186, effective Oct. 1, 1984, restored §504 of the Equal Access to Justice Act and repealed Pub. L. 96-481, Title II, §203(c), Oct. 21, 1980, 94 Stat. 2327, which had provided for the repeal, effective Oct. 1, 1984, of §504.

[6] 5 U.S.C. §504(a)(1) provides that "[a]n agency that *conducts* an adversary adjudication shall award, to a prevailing party other

over, our legislature employed the term "initiate" in that section of the Act defining the purpose of the statute. *See* 71 P.S. §2031(c)(2). Such repetition by our legislature lends credence to our determination that the term "initiate" as used in the Costs Act is not mere surplusage and that the Board's narrow application of the Act to those cases in which an agency, upon its own initiative, takes some action against a party, is correct.

Our construction is consistent with the expressed two-fold purpose of the Act as intended to "diminish the deterrent effect of seeking review of or defending against administrative action" and to "deter administrative agencies from initiating substantially unwarranted actions against individuals. . . ." 71 P.S. 2031(c)(2). We believe the Act's imposition of costs in certain circumstances is designed to impart caution to an agency and to inhibit same from proceeding to litigation in a cavalier fashion in all cases, as a consequence of the agency's access to the seemingly unlimited resources of the Commonwealth.

Petitioners contend that our interpretation narrows the applicability of the Act and thus removes from its purview the bulk of an agency's activities, namely, the issuance of permits. While that may well be, we find no language in the Act warranting a contrary conclusion.

In light of the foregoing, we conclude that the Costs Act has no application to the Department's denial of a private request for revision of an official sewage disposal plan because the Department in no fair way can be said to have initiated such action.

---

than the United States, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer of the agency finds that the position of the agency was substantially justified or that special circumstances make an award unjust." (emphasis added).

8

Having so held, we need not address the Department's contention that the application of the Costs Act to the instant matter would constitute an improper retroactive application of the Act. *See Lehotzky* and *Baker; see also* 1 Pa. C. S. §1926.[7]

Accordingly, the order of the Board denying petitioners' application for attorneys' fees is affirmed.

ORDER

AND NOW, September 24, 1986, the Order of the Environmental Hearing Board, dated June 4, 1985, is hereby affirmed.

---

[7] We note that the petitioners' request for revision directed to the Department, the Department's denial of their request and the petitioners' appeal from that decision to the Board precede the effective date of the Act.