J-A03003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THOMAS WILLIAMS, ADMINISTRATOR OF THE ESTATE OF GARDENIA WILLIAMS, DECEASED | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : | |
| v. | : : | |
| PENN CENTER FOR REHABILITATION AND CARE; HOSPITAL OF THE UNIVERSITY OF PENNSYLVANIA; TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA; MANORCARE OF YEADON, LLC AND MANOR CARE INC. D/B/A MANOR CARE HEALTH SERVICES | : : : : : : : : : : | |
| Appellees | : | No. 2259 EDA 2017 |

Appeal from the Order Entered June 23, 2017
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  May Term, 2011 No. 3790

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JUNE 20, 2018**

Appellant, Thomas Williams, Administrator of the Estate of Gardenia Williams, deceased, appeals from the order entered in the Philadelphia County Court of Common Pleas, which awarded record costs under 42 Pa.C.S.A. § 1726, in favor of Appellee, Penn Center for Rehabilitation and Care in the amount of $794.02; and in favor of Appellee, Hospital of the University of Pennsylvania; Trustees of the University of Pennsylvania, in the amount of $563.30, following disposition of the underlying medical malpractice case.  We affirm.

_____

*   Retired Senior Judge assigned to the Superior Court.

The trial court opinion correctly set forth the relevant facts and procedural history of this case. Therefore, we have no need to restate them. We add that the court ordered Appellant, on July 6, 2017, to file a concise statement of errors complained of on appeal, per Pa.R.A.P. 1925(b). Appellant timely complied on July 26, 2017.

Appellant raises the following issue:

> WHETHER THE TRIAL COURT ERRED IN GRANTING APPELLEES' BILLS OF COST?

(Appellant's Brief at 3).

Following a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Daniel J. Anders, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (**See** Trial Court Opinion, dated September 25, 2017, at 1-7) (finding: recovery of record costs is established exception to American Rule; Deputy Director of OJR adjudicated $794.02 of record costs and $0.00 of non-record costs to Appellee Penn Center for Rehabilitation and Care, and $563.30 of record costs and $0.00 of non-record costs to Appellee Hospital of University of Pennsylvania; trial court had no discretion to deny record costs; when court denied Appellant's motions to strike Appellees' bills of costs, court merely enforced generally established exception to American Rule; this case did not involve any exemption to award of standard taxable costs under 42 Pa.C.S.A. § 1726; case was private, medical professional

- 2 -

liability action, in which law is generally certain; bills of costs did not impose on Appellant "actual costs or a multiple thereof as a penalty"; Deputy Director of OJR found in favor of Appellees and awarded only those costs reflected in record; Appellees submitted appropriate verifications with their respective bills of costs; regarding hardship, Appellant failed to submit anything to court to support his claim that limited awards of costs would impose substantial hardship or injustice).  Accordingly, we affirm based on the trial court's opinion.

      Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/20/18

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CIVIL

| THOMAS WILLIAMS, ADMINISTRATOR OF THE ESTATE OF GARDENIA WILLIAMS, DECEASED, Plaintiff/Appellant, <br><br> v. <br><br> PENN CENTER FOR REHABILITATION AND CARE, HOSPITAL OF THE UNIVERSITY OF PENNSYLVANIA, TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, MANORCARE OF YEADON, LLC, and MANOR CARE INC. D/B/A MANOR CARE HEALTH SERVICES, Defendants/Appellees. | 2259 EDA 2017 <br><br> Trial Court Case No. 110503790 |
|---|---|

## OPINION

Plaintiff Thomas Williams, Administrator of the Estate of Gardenia Williams, Deceased

appeals the trial court's denials of both Plaintiff's Motion to Strike Defendant Penn Center for

Rehabilitation and Care's Bill of Costs and Plaintiff's Motion to Strike Defendant Hospital of the

University of Pennsylvania and Trustees of the University of Pennsylvania's Bill of Costs. For

the reasons herein, the Superior Court should affirm the trial court's denials of Plaintiff's

Motions to Strike Defendants' Bills of Costs.

## FACTUAL AND PROCEDURAL HISTORY

As the prevailing party in the underlying medical professional liability action, Defendants

filed Bills of Costs with Plaintiff. After Plaintiff filed exceptions and objections to both Defendants'

Bills of Costs, Deputy Director of the Office of Judicial Records ("Deputy Director of OJR") heard

oral argument on April 21, 2017. On April 26, 2017, the Deputy Director of OJR adjudicated

Defendants' Bills of Costs and found in favor of Defendants. *See* Adjudications Sur Bills of Costs

(adjudicating $794.02 of record costs and $0.00 of non-record costs to Defendant Penn Center for

Williams Vs Penn Center For Rehabilitation A-OPFLD



Rehabilitation and Care, and $563.30 of record costs and $0.00 of non-record costs to Defendant

Hospital of the University of Pennsylvania and Trustee of the University of Pennsylvania).

On May 5, 2017, Plaintiff filed a Notice of Appeal from both Adjudications Sur Bills of

Costs with the Court of Common Pleas of Philadelphia County. On June 22, 2017, the trial court

denied Plaintiff's Motions to Strike Defendants' Bills of Costs. On June 30, 2017, Plaintiff filed

a timely Notice of Appeal with the Superior Court of Pennsylvania.

## DISCUSSION

On appeal, Plaintiff claims the trial court erred as follows:[1] (1) the trial court created a

new taxable cost rule without having had the authority to do so under 42 Pa. C.S.A. § 1726(a)

and, through that rule, violated 42 Pa. C.S.A. § 1726(a)(2)(ii), 42 Pa. C.S.A. § 1726(a)(3), and

the "American Rule;" (2) Defendants miscategorized the costs Defendants listed as "record

costs" on their Bills of Costs; and (3) the trial court violated 42 Pa. C.S.A. § 1726(a)(2)(iii) and

worked "substantial injustice" by imposing record costs on Plaintiff, a single retiree on a fixed

income.

---

[1] Plaintiff also claims that when the trial court denied Plaintiff's motions, the trial court erred because Defendants' Affidavits to the Bills of Costs were not sworn to. *See* Plaintiff's Statement of Matters Complained of on Appeal Pursuant [to] Pa. R.A.P. 1925(b) at 3. This claim of error is without merit because Defendants' Bills of Costs did contain the appropriate signed Verifications using the prescribed form. *See* Philadelphia Local Rule of Civil Procedure § 227.5(D); *See* Bill of Costs of Defendants, Hospital of the University of Pennsylvania and Trustees of the University of Pennsylvania, to Plaintiff, at 5; *See* Bill of Costs of Defendant, Penn Center for Rehabilitation and Care, at 5.

-2-

1.    The Trial Court did not create a new taxable cost rule or violate the "American

Rule"

Plaintiff claims that trial court erred because it created a new taxable cost rule under 42

Pa. C.S.A. § 1726(a) and, through that rule, violated 42 Pa. C.S.A. § 1726(a)(2)(ii)[2], 42 Pa.

C.S.A. § 1726(a)(3)[3], and the "American Rule."

"Section 1726 of the Judicial Code authorized the governing authority (the Pennsylvania

Supreme Court) to promulgate general rules governing the imposition of costs. This section also

set forth guidelines for the Supreme Court to consider in prescribing its rules." *Arbuckle v. Com.,*

*Unemployment Comp. Bd. of Review,* 478 A.2d 545, 546 (Pa. Commw. Ct. 1984). Plaintiff is

correct that "[s]ection 1726(a) does not purport to set forth governing substantive standards, but

instead is directed at [the Supreme Court of Pennsylvania] (or an entity within the Unified

Judicial System to which [the Supreme Court of Pennsylvania] delegate[s] the authority), as the

defined "governing authority," when prescribing "general rules" on the subject of assessing

costs. *In re Farnese,* 17 A.3d 357, 370 (Pa. 2011). Plaintiff is also correct that "the list of

considerations enumerated in Section 1726(a) does not create any substantive right in a

prevailing party to recover costs in Pennsylvania." *Id.*

However, there are more established rules than just 42 Pa. C.S.A. § 1726 that govern the

taxation of costs. There is also the "American Rule" and its generally established exceptions.

---

[2] The trial court did not violate 42 Pa. C.S.A. § 1726(a)(2)(ii) because this case never involved "a public question" nor was it a case "where the applicable law is uncertain and the purpose of the litigants is primarily to clarify the law." This was a standard, private, medical professional liability action, the law is generally certain, and neither litigants' primary purpose was to clarify the law. Therefore, this claim of error is without merit.

[3] The trial court did not violate 42 Pa. C.S.A. § 1726(a)(3) because the trial court's denials of Plaintiff's motions did not impose any "actual costs or a multiple thereof" on Plaintiff. The Deputy Director of the Office of Judicial Records did not find in favor of Defendants for any of Defendants' actual costs or non-record costs. The Deputy Director of OJR found in Defendants' favor only for Defendants' record costs. *See* Adjudication Sur Bill of Costs (adjudicating $794.02 of record costs and $0.00 of non-record costs to Defendant Penn Center for Rehabilitation and Care, and $563.30 of record costs and $0.00 of non-record costs to Defendant Hospital of the University of Pennsylvania and Trustee of the University of Pennsylvania). Therefore, this claim of error is without merit.

Plaintiff is correct that "[g]enerally, Pennsylvania adheres to the 'American Rule,' which states that litigants are responsible for their own litigation costs and may not recover them from an adverse party 'unless there is express statutory authorization, a clear agreement of the parties, or some other established exception.'" *Id.* at 370. But, in such a case as when there is "some other established exception," "[i]t is a general rule in our judicial system...that costs inherent in a law suit are awarded to and should be recoverable by the prevailing party." *Smith v. Rohrbaugh*, 54 A.3d 892, 897 (Pa. Super. Ct. 2012).

It is important to note that the costs inherent in a lawsuit are different and distinct from the costs associated with the preparation, consultation, and fees of a lawsuit generally. *Id.* Record costs (such as filing fees) are "costs inherent in a law suit," "the costs of proceeding in court," or "[a]ll costs of record appearing on the docket." *Id.*; Philadelphia Local Rule of Civil Procedure § 227.5(C)(1). On the other hand, actual costs or non-record costs (such as transcript costs and witness fees) are the costs of "preparation, consultation, and fees generally" or "[c]osts not appearing of record." *Smith*, 54 A.3d at 897; Philadelphia Local Rule of Civil Procedure § 227.5(C)(2). The award and recovery of "record costs is one such [established] exception" to the general "American Rule." *Smith v. Rohrbaugh*, 54 A.3d 892, 901 (Pa. Super. Ct. 2012) (Wecht, J., concurring).

Furthermore, generally, the trial court has no discretion to award or deny proper costs like record costs to the prevailing party as "[a]t law the general rule is that [proper] costs follow as a matter of course," not as a matter of the trial court's discretion. *Id.* at 897. Therefore, the trial "court has no discretion to award or deny [proper costs]" like record costs to the prevailing party. *Id.* at 897-8.

Here, the Deputy Director of OJR adjudicated $794.02 of record costs and $0.00 of non-record costs to Defendant Penn Center for Rehabilitation and Care, and $563.30 of record costs

-4-

and $0.00 of non-record costs to Defendant Hospital of the University of Pennsylvania and Trustee of the University of Pennsylvania. *See* Adjudications Sur Bills of Costs. The trial court denied Plaintiff's motions on the basis that those record costs "follow as a matter of course," not as a matter of the trial court's discretion. *Smith*, 54 A.3d at 897. The trial court, therefore, had no discretion to deny the record costs sought by Defendants.

Thus, when the trial court denied Plaintiff's motions, the trial court did not create a new taxable cost rule under 42 Pa. C.S.A. § 1726(a) and did not violate 42 Pa. C.S.A. § 1726(a)(2)(ii), 42 Pa. C.S.A. § 1726(a)(3), or the "American Rule." Rather, the trial court enforced a generally "established exception" to the "American Rule." As a result, this claim of error is without merit.

2.      The Bills of Costs correctly categorized the costs as "Record Costs"

Plaintiff claims that trial court erred when it denied Plaintiff's motions because Defendants incorrectly categorized the costs Defendants listed as "record costs" on their Bills of Costs.

As stated earlier, record costs (such as filing fees) are "costs inherent in a law suit," "the costs of proceeding in court," or "[a]ll costs of record appearing on the docket." *Id.*; Philadelphia Local Rule of Civil Procedure § 227.5(C)(1). On the other hand, actual costs or non-record costs (such as transcript costs and witness fees) are the costs of "preparation, consultation, and fees generally" or "[c]osts not appearing of record." *Smith*, 54 A.3d at 897; Philadelphia Local Rule of Civil Procedure § 227.5(C)(2). Attorney's fees and costs related to the existence, possession, or disposition of a fund are generally not an item of recoverable taxable costs. 42 Pa. C.S.A. § 1726(a)(1) – (2)(i).

But, here, all of the costs Defendants categorized as "record costs" (first filing fees and motion fees) are "costs of record appearing on the docket." *See* Bill of Costs of Defendants, Hospital of the University of Pennsylvania and Trustees of the University of Pennsylvania, to

Plaintiff, at 5; *See* Bill of Costs of Defendant, Penn Center for Rehabilitation and Care, at 5. As such, this claim of error is without merit.

3.      The Trial Court did not err in finding no "substantial injustice" in imposing record costs

Plaintiff claims that trial court erred when it found no "substantial injustice" in imposing the record costs.

"[T]he decision that the imposition of costs would work substantial injustice is within the discretion of the court, and should be based upon the facts and circumstances of the particular case." *Arbuckle v. Com., Unemployment Comp. Bd. of Review*, 478 A.2d 545, 547 (Pa. Commw. Ct. 1984). Generally, when a party seeks relief from court costs due to a financial inability to pay, for example, to proceed *in forma pauperis*, the moving party must submit an affidavit swearing under oath that the party is unable to pay such costs. *See* Pa. R.C.P. No. 240. The affidavit serves as some evidence of the veracity of the party's claim.

Here, Plaintiff's counsel did not submit anything in support of her claim that imposition of costs would work a substantial financial hardship on her client. Plaintiff's counsel did not submit any financial statements or an affidavit by Plaintiff to substantiate the claim that Plaintiff cannot pay Defendants' record costs. As a result, there was no absolutely no evidence from which a trial court may reliably determine that Plaintiff cannot pay Defendants' record costs. Instead, there was a mere assertion from Plaintiff's counsel that could not be investigated, verified, or corroborated. Without any such evidence, the trial court properly exercised its discretion in finding that Plaintiff did not meet his burden of demonstrating that imposition of record costs on Plaintiff would work a "substantial injustice." As such, this claim of error is without merit.

-6-

## CONCLUSION

Based on the foregoing, the Superior Court should affirm the trial court's denials of

Plaintiff's Motions to Strike Defendants' Bills of Costs.

BY THE COURT:

DANIEL J. ANDERS, JUDGE
Dated:  September 25, 2017